1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2  SARA WINSLOW (DCBN 457643)
   Chief, Civil Division
3  SAVITH IYENGAR (CABN 268342)
   Assistant United States Attorney
4
          450 Golden Gate Avenue, Box 36055
5         San Francisco, CA 94102-3495
          Telephone: (415) 436-7200
6         FAX: (415) 436-6748
          savith.iyengar@usdoj.gov
7
   Attorneys for Defendant
8

9                  UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                     OAKLAND DIVISION

12  ARNOLD SPEARS,                  )  CASE NO.: 4:18-cv-04447 DMR
                                    )
13        Plaintiff,                )  **DEFENDANT'S NOTICE OF MOTION AND**
                                    )  **MOTION TO DISMISS PLAINTIFF'S FIRST**
14     v.                           )  **AMENDED COMPLAINT PURSUANT TO**
                                    )  **FEDERAL RULES OF CIVIL PROCEDURE**
15  U.S. GOVERNMENT V.A.,           )  **12(b)(1) and 12(b)(6)**
                                    )
16        Defendant.                )  Date:  March 28, 2019
                                    )  Time:  11:00 a.m.
17                                  )  Place: Courtroom 4, 3rd Floor
    _____)
18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on March 28, 2019 at 11:00 a.m., or as soon thereafter as this matter may be heard by the Honorable Donna M. Ryu, United States Magistrate Judge of the United States District Court for the Northern District of California, located at 1301 Clay Street, Courtroom 4, 3rd Floor, Oakland, California, defendant "U.S. Government V.A." ("Defendant") will and hereby does move the Court pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for an order dismissing the First Amended Complaint ("FAC") of plaintiff Arnold Spears ("Plaintiff").

Defendant's motion is made on the grounds that the "U.S. Government V.A." is not a proper defendant to tort claims brought under the Federal Tort Claims Act, 28 U.S.C. § 1346, *et seq.* ("FTCA"). The FTCA limits "the jurisdiction of federal courts to entertain an action for damages against the United States," *Warren v. Dep't of Interior*, 724 F.2d 776, 777-78 (9th Cir. 1984) (*en banc*), therefore Plaintiff cannot establish the Court's jurisdiction under Rule 12(b)(1) to entertain this action against the "U.S. Government V.A." Defendant's motion is made on the additional grounds that the FAC does not allege sufficient facts to satisfy Rule 8(a)(2). Among other deficiencies, the FAC fails to provide the dates when Plaintiff underwent physical therapy or identify the VA hospital where he received physical therapy, and therefore does not satisfy Rule 12(b)(6). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that a complaint that fails to satisfy Rule 8(a) is subject to dismissal under Rule 12(b)(6)). Finally, Plaintiff's demand for a jury trial is unavailable as a matter of law and subject to dismissal under Rule 12(b)(6) or, in the alternative, may be stricken under Rule 12(f).

Defendant's motion is based on this notice, the supporting memorandum of points and authorities set forth below, all pleadings and papers on file in this action, and all other matters properly before this Court.

Dated: February 13, 2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

*/s/ Savith Iyengar*
SAVITH IYENGAR
Assistant United States Attorney

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3        Plaintiff's FAC is subject to dismissal for three reasons.  First, the FAC appears to assert an

4   FTCA claim against the "U.S. Government V.A." arising from the alleged negligence of certain United

5   States Department of Veterans Affairs ("VA") personnel.  FAC (Dkt. No. 6) at 1.  The United States is

6   the only proper defendant to such a claim.  *See* 28 U.S.C. § 2679.  By failing to name the United States

7   as a defendant, Plaintiff fails to establish the Court's subject matter jurisdiction.  Defendant respectfully

8   requests that the Court dismiss the FAC under Rule 12(b)(1).  Second, the FAC repeats Plaintiff's failure

9   in his initial complaint to provide the dates he underwent physical therapy or identify the VA hospital

10  where he received physical therapy.  Like the initial complaint, the FAC does not comply with Rule

11  8(b)(2) and is subject to dismissal under Rule 12(b)(6).   Finally, the FAC demands a jury trial, which is

12  unavailable as a matter of law in an FTCA action.  Plaintiff's demand is subject to dismissal under Rule

13  12(b)(6) or, in the alternative, may be stricken under Rule 12(f).

14

## II.    STATEMENT OF ISSUES TO BE DECIDED

15        1.      Whether the FAC is subject to dismissal under Rule 12(b)(1) for failure to name the

16  United States as a defendant.

17        2.      Whether the FAC is subject to dismissal under Rule 12(b)(6) for failure to comply with

18  Rule 8(a)(2) by not providing the dates when Plaintiff underwent physical therapy or identifying the VA

19  hospital where he received physical therapy.

20        3.      Whether the FAC is subject to dismissal under Rule 12(b)(6) for demanding a jury trial,

21  or whether Plaintiff's demand for a jury trial should be stricken from the FAC under Rule 12(f).

22

## III.    STATEMENT OF FACTS[1]

23        Pro se plaintiff Arnold Spears is a veteran.  FAC ¶ 6.  Plaintiff alleges "[d]octors at Mather VA

24  Hospital at Fort Miley amputated [his] foot in or about June, 2016."  *Id.* at ¶ 7.  "A few days" later,

25  Plaintiff "was informed that [he] should be sent to a rehabilitation center."  *Id.*  It is not clear from the

26  FAC where Plaintiff underwent the amputation, whether he was sent to a rehabilitation center, when this

27  transfer occurred, or which center he was sent to.  Plaintiff alleges that "[i]n order to assist [him] with

28        [1] Allegations in the FAC cited herein are assumed to be true for purposes of this motion only.

1    getting around, a physical therapist named Paul" gave him a scooter to use.  *Id.* at ¶ 8.  At some point

2    thereafter, Plaintiff "noticed that the wheels were coming loose even after . . . short trips" and "went

3    back to the physical therapy department."  *Id.* at ¶ 9.  There, a VA employee named "Anthony . . . told

4    [Plaintiff] that the department had a bunch of defective scooters that they were in the process of sending

5    back to the manufacturer, Lifestyle."  *Id.* at ¶ 10.  The employee "tightened the wheels on [Plaintiff's]

6    scooter, however, and gave it back to [him]."  *Id.*

7            Plaintiff alleges "[t]he next day," as he traveled "from the building that included the lunchroom

8    to the building that included [his] hospital room" and "was crossing the street, wheels on both sides of

9    the scooter came entirely off the scooter."  *Id.* at ¶ 11.  As a result, he "lost [his] balance and fell," "lost

10   consciousness for a short time" (*id.* at ¶ 12), and "[s]omeone assisted [him] in getting up and getting to

11   [his] room" (*id.* at ¶13).  Plaintiff suffered injuries to "[t]he stitches on [his] amputation" (*id.* at ¶ 12)

12   which "doctors had to redo" (*id.* at ¶ 14), and to his back (*id.* at ¶12).  As a result of the fall, Plaintiff

13   "was sent to a rehabilitation facility in Martinez for four months" rather than being "done with

14   rehabilitation in a couple of weeks."  *Id.* at ¶ 14.  Before Plaintiff left the facility, on an unspecified date,

15   "Paul came and apologized for giving [him] the defective scooter."  *Id.*  Plaintiff "continue[s] to have

16   pain in and treatment for [his] back."  *Id.* at ¶ 15.  Plaintiff alleges he "filed a government claim in or

17   about September, 2016."  *Id.* at ¶ 16.  In the FAC, Plaintiff asserts one cause of action for negligence

18   based on Defendant's alleged conduct.  *Id.* at ¶¶ 17-20.  He seeks "$5.5 million for damages[,] injury

19   and mental distress" and "demands a jury trial on all issues."  *Id.* at 5.

20          Plaintiff filed his initial complaint on July 23, 2018.  Dkt. No. 1.  On August 17, 2018, the Court

21   issued its Order Granting IFP Application and Screening Complaint Pursuant to 28 U.S.C. § 1915(e)

22   ("Order").  Dkt. No. 5.  As an initial matter, the Court noted that "it is unclear whether Mr. Spears

23   names the United States or the VA as a defendant" and "construe[d] Mr. Spears's complaint as against

24   the United States."  Order at 2 n.1.  The initial complaint had named the "U.S. Government V.A." in the

25   caption and also listed as "Defendant 2": "Government."  Compl. at 1 & ¶ 2.

26          The Court held that the complaint did not comply with Rule 8 for several reasons.  Order at 4.  In

27   part, the Court explained that "the complaint does not provide the dates when Mr. Spears underwent foot

28   amputation and physical therapy, and when he fell off the scooter.  Nor does it clearly identify the VA

1   hospital where he received physical therapy (although the court suspects that it is the Fort Miley facility

2   based on the allegation that he fell at Fort Miley)." *Id.* The Court held that in order for Plaintiff "to

3   comply with Rule 8's pleading requirement, [his] amended complaint must allege facts such as those

4   discussed herein, and identify the claim(s) and relief he seeks." *Id.*

5        Plaintiff filed the FAC, described above, on August 28, 2019.  Dkt. No. 6.  The FAC again

6   names the "U.S. Government V.A." in the caption, but does not further identify the defendant anywhere

7   else in the FAC.  *See id.* at 1 & ¶ 2.

8   **IV.   ARGUMENT**

9        **A.   The FAC is Subject to Dismissal Under Rule 12(b)(1) for Failure to Name the**
            **United States as a Defendant**
10

11        A Rule 12(b)(1) challenge may be facial, disputing the formal sufficiency of the pleadings to

12   establish federal jurisdiction, or factual, disputing the substance of the jurisdictional allegations despite

13   their formal sufficiency.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Where a

14   challenge is facial, the court determines "whether the allegations contained in the complaint are

15   sufficient on their face to invoke federal jurisdiction."  *Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785,

16   793 (N.D. Cal. 2011).  "Once a party has moved to dismiss for lack of subject matter jurisdiction under

17   Rule 12(b)(1), the opposing party bears the burden of establishing the Court's jurisdiction."  *Id.* (citing

18   *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Chandler v. State Farm Mut. Auto. Ins.*

19   *Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010)).

20        Where a plaintiff brings an action for damages against the United States, "[t]he jurisdiction of

21   federal courts to entertain" such an action "is limited by the Federal Tort Claims Act."  *Warren*, 724

22   F.2d at 777-78.  The FTCA provides a limited waiver of sovereign immunity for damages for "injury or

23   loss of property or personal injury or death caused by the negligent or wrongful act or omission of any

24   employee of the agency while acting within the scope of his office or employment, under circumstances

25   where the United States, if a private person, would be liable to the claimant in accordance with the law

26   of the place where the act or omission occurred."  28 U.S.C. § 2672.  The United States is the only

27   proper defendant with respect to such claims.  *See* 28 U.S.C. § 2679; *Kennedy v. U.S. Postal Service*,

28   145 F.3d 1077, 1078 (9th Cir. 1998) (affirming dismissal of improper defendants in FTCA action).

1    In the instant case, while Plaintiff does not specify any applicable statute or law in the FAC, he

2 brings an action for damages against the "U.S. Government V.A." based on the alleged conduct of VA

3 personnel, which is subject to the FTCA. *See Kennedy*, 145 F.3d at 1078.  The FTCA bars defendants

4 other than the United States.  Accordingly, the sole defendant named in this action – "U.S. Government

5 V.A.," including the VA and any of its components – is not a proper defendant, and the FAC is subject

6 to dismissal for lack of subject matter jurisdiction under Rule 12(b)(1).  *Id.*

7    **B.    The FAC is Subject to Dismissal Under Rule 12(b)(6) for Failure to Comply with
         Rule 8(a)(2)**

8

9    Under Rule 8(a)(2), plaintiffs are required to set forth a "short and plain statement of the claim

10 showing the pleader is entitled to relief," and "give the defendant fair notice of what the … claim is and

11 the grounds upon which it rests." *Twombly*, 550 U.S. at 555.  In its Order, the Court explained that the

12 initial complaint "contain[ed] very few facts about the incident underlying [Plaintiff's] lawsuit."  Order

13 at 4.  Among other issues, the initial complaint did not specify the dates Plaintiff underwent the

14 amputation and physical therapy or fell of the scooter, nor the VA hospital Plaintiff received physical

15 therapy.  *Id.*  The Court required Plaintiff to "address[ ] the deficiencies identified" in the Order in order

16 to comply with Rule 8.  *Id.* at 5.

17    In the FAC, Plaintiff addresses several of the deficiencies the Court identified.  FAC ¶¶ 6-16.

18 However, the FAC again does not provide the dates Plaintiff underwent physical therapy nor identify the

19 VA hospital where he received physical therapy.  *Id.*  Further, Plaintiff only estimates the month and

20 year he underwent the amputation.  *Id.* at ¶ 7 (alleging the date as "in or about June, 2016").  Plaintiff

21 does not specify the VA hospital where he underwent the amputation, naming what appear to be two

22 separate VA facilities (in Mather, California and Fort Miley in San Francisco).  *Id.*  Plaintiff also does

23 not allege whether he was sent to a rehabilitation center, when this transfer occurred, and which

24 rehabilitation center he was sent to.  *Id.* at ¶¶ 6-16.  Plaintiff's failure to allege these facts in the FAC fail

25 to satisfy Rule 8's pleading requirements that Plaintiff show he is entitled to relief and give the United

26 States fair notice of the claim and its grounds, and fail to comply with this Court's Order requiring

27 Plaintiff to "address[ ] the deficiencies" in the Complaint.  The FAC is subject to dismissal under Rule

28 12(b)(6) for failure to comply with Rule 8.

1

2

**C.   Plaintiff's Demand for A Jury Trial Is Subject to Dismissal Under Rule 12(b)(6) or, in the Alternative, May Be Stricken Under Rule 12(f)**

3

4

5

6

7

8

In the FAC, Plaintiff makes a demand for a jury trial. *Id.* at 5.  By statute, however, FTCA cases against the United States are tried to the court, not a jury.  *See* 28 U.S.C. § 2402.  Accordingly, Plaintiff has requested relief that is unavailable as a matter of law and subject to dismissal under Rule 12(b)(6). Alternatively, Plaintiff's jury demand is immaterial and impertinent and may be stricken pursuant to Rule 12(f).  *See Dimmick v. Northern California Inst. For Research and Educ.*, No. C 04-4965 PJH, 2005 WL 2347116, at *7 (N.D. Cal. Sept. 26, 2005).

9

**V.    CONCLUSION**

10

11

12

For all of the aforementioned reasons, Defendant respectfully requests that the Court dismiss the FAC for lack of subject matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6).

13

14

Dated: February 13, 2019                              Respectfully submitted,

15

16

DAVID L. ANDERSON
United States Attorney

17

18

 */s/ Savith Iyengar*
SAVITH IYENGAR
Assistant United States Attorney

19

20

21

22

23

24

25

26

27

28