KILPATRICK TOWNSEND & STOCKTON LLP
JORDAN TRENT JONES (State Bar No. 166600)
NORRIS P. BOOTHE (State Bar No. 307702)
1080 Marsh Road
Menlo Park, CA 94025
Telephone: 650 326 2400
Facsimile: 650 326 2422
Email: JTJones@kilpatricktownsend.com
Email: NBoothe@kilpatricktownsend.com

Attorneys for Plaintiff
ARNOLD SPEARS

DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
SAVITH IYENGAR (CABN 268342)
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Telephone: (415) 436-7200
Facsimile: (415) 436-6748
Email: savith.iyengar@usdoj.gov

Attorneys for Defendant
UNITED STATES

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ARNOLD SPEARS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES,<br><br>　　　　Defendant. | Civil Action No. 4:18-cv-04447-DMR<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:　　　October 30, 2019<br>Time:　　　1:30 p.m.<br>Courtroom:　4<br>Judge:　　　Honorable Donna M. Ryu |

Plaintiff Mr. Arnold Spears ("Mr. Spears" or "Plaintiff") and Defendant United States of America ("Defendant" or the "United States") (collectively, the "Parties") submit this joint case management conference ("CMC") statement pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9 and the *Standing Order for All Judges of the Northern District of California*.

**1.   JURISDICTION AND SERVICE**

Plaintiff asserts subject matter jurisdiction based on 28 U.S.C. § 1346(b). No issues as to personal jurisdiction over any of the parties or venue have been raised. Defendant may assert subject matter jurisdiction defenses, among other defenses. The United States Attorney's Office has been served. *See* ECF No. 52. On September 18, 2019, the United States answered the Second Amended Complaint. *See* ECF No. 53.

**2.   FACTS**

   **A.   <u>Plaintiff's Statement</u>**

Mr. Spears, a Veteran of the United States Air Force, went to the San Francisco V.A. Medical Center (a.k.a. "Fort Miley") in approximately July 2017 to have his foot amputated. The procedure was performed in July 2017 and following the procedure Mr. Spears underwent physical therapy at Fort Miley for a couple of days.

On approximately July 9, 2017, a physical therapist at Fort Miley named Paul Kim informed Mr. Spears that he should use a scooter to get around. Paul Kim provided a scooter to Mr. Spears for Mr. Spears to use during his stay at Fort Miley. Paul Kim informed Mr. Spears that he obtained the scooter for Mr. Spears from a downstairs closet. Mr. Spears used this scooter to move about Fort Miley on short trips, but when he noticed that the wheels were coming loose Mr. Spears returned to the physical therapy department at Fort Miley the same day he was issued the scooter. A Fort Miley employee named Anthony (last name unknown) told Mr. Spears that the department had a bunch of defective scooters that they were in the process of sending back to the manufacturer, Lifestyle. However, despite knowing the scooter was defective, Anthony tightened the wheels on the scooter and gave it back to Mr. Spears.

The next day, on July 10, 2017, Mr. Spears rode the scooter on the sidewalk between the

Fort Miley lunchroom and his Fort Miley hospital room.  As he was crossing the street, the wheels on both sides of the scooter wobbled severely and partially detached from the scooter. Mr. Spears lost his balance as the scooter wobbled badly, and he fell to the ground.  As a result of his fall, the stitches on Mr. Spears amputation came off and Mr. Spears injured his back.  Mr. Spears also lost consciousness for a short time.  An unidentified individual assisted Mr. Spears back up and got him back to his room at Fort Miley.  At this point, just as Mr. Spears reached his room, the wheels which were barely attached completely came off.

As a result of Mr. Spears' fall, the doctors at Fort Miley had to redo his stitches on his amputation, and Mr. Spears was sent to the Martinez V.A. Hospital/Rehabilitation Center in Martinez, California for four months.  Before Mr. Spears left Fort Miley, Paul Kim came to Mr. Spears and apologized for giving him the defective scooter.

Because of the fall, Mr. Spears required additional time to recover from the additional work on his amputation and from his back injury, causing him to miss additional time from work. In addition, Mr. Spears continues to have pain in his back and requires ongoing treatment for this injury.  Mr. Spears filed a government claim in or about September, 2017 for the United States' negligence in causing his injuries.

Mr. Spears then filed a complaint as a *pro se* plaintiff on July 23, 2018.  *See* ECF No. 1. On June 26, 2019, following challenges by the U.S. government to the Complaint and a First Amended Complaint (ECF No. 6), the Court ordered the parties "to meet and confer to determine whether they can reach agreement on an amended pleading that could obviate or at least narrow the need for Rule 12 motion work."  ECF No. 48.  On July 22, 2019, Mr. Spears filed a Second Amended Complaint.  ECF No. 52.  On September 18, 2019, Defendant answered the Second Amended Complaint.  ECF No. 53.

    **B.**     **Defendant's Statement**

The United States denies Plaintiff's allegations and denies liability in this action.

**3.**     **LEGAL ISSUES**

The Second Amended Complaint asserts a single cause of action for negligence raising the following issues:

1. Whether Defendant owed a duty to Plaintiff;
2. Whether Defendant breached that duty;
3. Whether it was foreseeable to Defendant that such breach would result in serious bodily injury to Plaintiff;
4. Whether Plaintiff was damaged as a result of Defendant's alleged breach.

**4.   MOTIONS**

No motions are currently pending.  The United States previously filed motions to dismiss the Complaint and First Amended Complaint.  Following appointment of pro bono counsel and on the Parties' agreement, Mr. Spears filed the Second Amended Complaint and the United States answered.  The Parties anticipate filing motions for summary judgment.  In the event the case proceeds to trial, the Parties will likely file motions *in limine*.

**5.   AMENDMENT OF PLEADINGS**

The United States has answered Plaintiff's Second Amended Complaint.  The parties do not anticipate further amendment of the pleadings, but reserve the right to do pursuant to Federal Rule of Civil Procedure 15(a)(2).

**6.   EVIDENCE PRESERVATION**

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and that, pursuant to Fed. R. Civ. P. 26(f), they met and conferred on July 8 and October 18, 2019, via telephone, regarding reasonable and proportionate steps taken to preserve evidence related to the issues reasonably evident in this action.

**7.   DISCLOSURES**

The Parties agree to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) on November 13, 2019.

**8.   DISCOVERY**

Discovery has not yet commenced.  The parties intend to enter into a protective order given that medical information will be disclosed. The parties agree to negotiate the terms of any protective order that becomes necessary. At this time, the parties do not anticipate seeking a court order altering or expanding the discovery limits in the Federal Rules of Civil Procedure and Civil

Local Rules, including the number of depositions and interrogatories.

The parties agree to accept service of letters, discovery requests, and other documents (except in the case of documents required to be filed with the Court electronically, the service of which is governed by the Local Rules; documents that are too voluminous for email; and productions governed by the ESI Order) in PDF or similar format via an email to outside counsel of record. This agreement does not apply to service of any summons or other process.

The parties agree that communications between counsel and experts retained by a party in connection with this or any other case or proceeding between the parties, whether or not the expert is a testifying expert, and drafts and notes of such experts, should not be discoverable in this case or in any other case or proceeding and will incorporate a provision to that effect in the form of a stipulated protective order to be negotiated and presented to this Court.

The parties agree that no document or communication to or from counsel, or authored by or at the direction of counsel to their respective clients, need be placed upon a privilege log if it was authored or created after July 23, 2018 (the date on which Mr. Spears filed his complaint).

In their forthcoming stipulated proposed protective order, the parties may address other matters pertaining to privileged materials, including with respect to issues of waiver or non-waiver in the event of inadvertent disclosures. The parties do not believe that there are any other specific issues relating to claims of privilege, or of protection as trial-preparation material, that require an agreement of the parties or an order of the Court at this time.

**9.  CLASS ACTIONS**

This is not a class action.

**10. RELATED CASES**

There are no related cases.

**11. RELIEF**

    A.  **Plaintiff's Statement**

As pleaded in his Second Amended Complaint, Mr. Spears seeks the following relief:

- Award damages for lost wages, past and ongoing medical costs, physical pain, and mental distress;

- Grant such other and further relief as this Court may deem just and proper.

**B.     Defendant's Statement**

Defendant seeks a complete defense judgment, dismissal, and costs.

**12.   SETTLEMENT AND ADR**

The parties believe that ADR may also be helpful after the parties have had an opportunity to meet and confer further and, if necessary, take appropriate discovery.  The parties are amenable to a settlement conference with a Magistrate Judge other than the Magistrate Judge hearing this case.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have consented to Magistrate Judge jurisdiction.

**14.   OTHER REFERENCES**

The Parties do not believe this case is suitable for reference to a binding arbitration or requires reference to a special master at this time.

**15.   NARROWING OF ISSUES**

The issues are already relatively narrow and limited in this case.  However, the parties believe that it is in the interest of judicial efficiency to bifurcate liability and fact damages discovery from expert damages discovery in this action, with the anticipation of dispositive motions on the issue of liability upon the close of liability discovery.  Accordingly, the parties have agreed upon the schedule set forth in Paragraph 17, below, subject to the approval of or modification by the Court.

**16.   EXPEDITED TRIAL PROCEDURE**

The Parties do not believe this case is appropriate for the Expedited Trial Procedure.

**17.   SCHEDULING**

Because counsel for Mr. Spears is only authorized to represent Mr. Spears for all pre-trial matters (ECF No. 47), counsel for Mr. Spears cannot commit to pre-trial and trial dates at this time.  Counsel for Mr. Spears asks that sufficient time be allotted to allow Mr. Spears to find pre-trial/trial counsel and allow that counsel to become sufficiently familiar with the case for pre-trial and trial matters should the case advance to that stage.

The United States proposes September 3, 2021 for the final pretrial conference and September 13, 2021 for trial.

The Parties propose the following schedule:

| Event | Proposed Date |
|---|---|
| Rule 26(a)(1) initial disclosures | November 13, 2019 |
| Fact discovery cut-off | June 26, 2020 |
| Expert disclosures (liability) | July 10, 2020 |
| Rebuttal expert disclosures (liability) | July 24, 2020 |
| Expert discovery cut-off (liability) | August 14, 2020 |
| Last hearing date for dispositive motions (liability) | September 24, 2020 at 1:00 p.m. |
| ADR completion date | January 29, 2021 |
| Expert disclosures (damages) | February 26, 2021 |
| Rebuttal expert disclosures (damages) | March 12, 2021 |
| Expert discovery cut-off (damages) | April 23, 2021 |
| Last hearing date for dispositive motions (damages) | May 27, 2021 at 1:00 p.m. |
| Meet and confer re. pretrial filings | |
| Pretrial filings due | |
| Oppositions, objections, exhibits and depo designations due | |
| Final pre-trial conference | |
| Trial | |

**18.   TRIAL**

Federal Tort Claims Act cases must be tried to the Court. 32 C.F.R. § 750.32(b).

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The disclosure requirements of Civil Local Rule 3-16 do not apply to governmental entities. Plaintiff is unaware of any non-parties that have an interest in the outcome of this proceeding.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
CASE NO. 4:18-cv-04447-DMR                                                                                  - 7 -

**20.    PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California

///

///

DATED: October 23, 2019    Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: */s/ Norris P. Boothe*
    JORDAN TRENT JONES
    NORRIS P. BOOTHE

Attorneys for Plaintiff
ARNOLD SPEARS


DAVID L. ANDERSON
United States Attorney

DATED: October 23, 2019    By:    */s/ Savith Iyengar*
                                   SAVITH IYENGAR
                                   Assistant United States Attorney
                                   Attorney for Defendant United States

**ATTESTATION OF FILER**

Pursuant to Civil Local Rule 5-1(i)(3), I, Norris P. Boothe, hereby attest that the concurrence in the filing of this document has been obtained from the other signatories.

DATED: October 23, 2019          KILPATRICK TOWNSEND & STOCKTON LLP


By: */s/ Norris P. Boothe*
       NORRIS P. BOOTHE

**[PROPOSED] CASE MANAGEMENT ORDER**

Upon consideration of the Parties' Joint Case Management Statement, the foregoing joint statement is adopted by this Court as the Case Management Order in this action and shall govern all further proceedings in this action.

**IT IS SO ORDERED.**

Dated: _____, 2019

_____
Magistrate Honorable Donna Ryu